UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 3:00 CV 1778 (EBB) |
| Plaintiff, | |
| -against- | FINAL JUDGMENT AGAINST MARTIN R. FRANKEL, JOHN A. HACKNEY, ROBERT J. GUYER, GARY ATNIP AND SONIA HOWE RADENCOVICI |
| MARTIN R. FRANKEL, JOHN A. HACKNEY, ROBERT J. GUYER. LIBERTY NATIONAL SECURITIES, INC., GARY ATNIP, and SONIA HOWE RADENCOVICI, | |
| Defendants. | |

**WHEREAS,** on September 18, 2000, Plaintiff Securities and Exchange Commission (the "Commission"), commenced this action by filing a Complaint against Robert J. Guyer ("Guyer") and Liberty National Securities, Inc. ("LNS"), and summonses were issued on that date to Guyer and LNS;

**WHEREAS,** on September 22, 2000, an amended complaint was filed against Guyer, LNS, Martin R. Frankel ("Frankel") John A, Hackney ("Hackney"), and a summons was issued on that date;

**WHEREAS,** on March 6, 2001, this Court granted the Commission's motion for leave to file a second amended complaint against Gary Atnip ("Atnip") and Sonia Howe Radencovici ("Howe"), and summonses were issued on that date;

**WHEREAS**, on March 12, 2002, the Court entered the Final Judgment of Default Against Liberty National Securities And Partial Judgment Of Default Against Martin R. Frankel, Robert J. Guyer, Gary Atnip and Sonia Howe Radencovici;

**WHEREAS**, on June 11, 2002, the Court entered the Partial Judgment of Permanent Injunction and Other Equitable Relief By Consent Against John A. Hackney;

**WHEREAS**, the Commission has withdrawn its claims for disgorgement and civil penalties against each of the defendants:

**NOW THEREFORE, BASED ON THE FOREGOING:**

## I.

**IT IS ORDERED, ADJUDGED AND DECREED** that Frankel and Guyer be and hereby are permanently enjoined and restrained, directly or indirectly, singly or in concert, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, from:

(1) employing any device, scheme, or artifice to defraud;

(2) obtaining money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a).

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Frankel, Hackney, Guyer, Atnip and Howe hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(1) employing any device, scheme, or artifice to defraud;

(2) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it was made, not misleading; and

(3) engaging in any act, transaction, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Frankel, Hackney and Atnip hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, from acting as a director or officer of any issuer having a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. §78o(d).

## IV.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Frankel hereby is permanently enjoined and restrained from, directly or indirectly, singly or in concert, filing or

3

causing to be filed with the Commission any annual or quarterly report on behalf of FAC, or any other issuer, required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act 15 U.S.C. § 78m(a) and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed in violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1, 13a-13, thereunder, 17 C.F.R. § 240.12b-20, 240.13a-1, 240.13a-13.

### V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Frankel and Hackney hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, acquiring, directly or indirectly, the beneficial ownership of more than five percent of any equity security of a class which is registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or any equity security of an insurance company which would have been required to be so registered except for the exemption contained in Section 12(g)(2)(G) of the Exchange Act, 15 U.S.C. § 78l(g)(2)(G), or any equity security issued by a closed-end investment company registered under the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq., and failing, within ten days after such acquisition, to send to the issuer of the security, to each exchange where the security is traded and to file with the Commission, a statement required by Section 13(d) of the Exchange Act, which among other things, identifies the background, identity and the nature of such beneficial ownership by such person on whose behalf the purchases have been made and identifies the source and amount of the funds used in making the purchases, in

violation of Section 13(d) of the Exchange Act, 15 U.S.C. § 78m(d), and Rule 13d-1 thereunder, 17 C.F.R. § 240.13d-1.

### VI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Frankel hereby is ordered to comply with the Commission's order dated December 1, 1992 barring Frankel from association with any broker, dealer, investment adviser, investment company, or municipal securities dealer pursuant to Section 15(b) of the Exchange Act, 15 U.S.C. § 78o.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Guyer is hereby permanently enjoined and restrained from, directly or indirectly, singly or in concert, violating Section 15(b) of the Exchange Act, 15 U.S.C. § 78o(b), and Rule 15b3-1, 17 C.F.R. § 240.15b3-1, by willfully making or causing to be made in any application for registration as a broker or dealer or report required to be filed with the Commission or with any other appropriate regulatory agency, or in any proceeding before the Commission with respect to registration, any statement which was at the time and in light of the circumstances under which it was made false or misleading with respect to any material fact or omitting to state in any such application any material fact required to be stated therein or by failing to file appropriate amendments to any application for registration on Form BD.

### VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Guyer is hereby permanently enjoined and restrained from, directly or indirectly, singly or in concert from permitting a person who has been barred by the Commission from associating with a broker or dealer if they know, or in the exercise of reasonable care should know, of the bar.

### IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Guyer is hereby permanently restrained and enjoined from, directly or indirectly, violating or aiding and abetting a violation of Section 17(a) (1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Rule 17a-3(a)(12) promulgated thereunder, 17 C.F.R. § 240.17a-3 and 240.17a-4, by failing or causing a failure to make and keep for prescribed periods such records, to furnish such copies thereof, and to make, disseminate and file the reports required by such section and the rules thereunder, which set forth requirements concerning records and reports required to be made and preserved by certain exchange members, brokers and dealers.

### X.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Hackney and Atnip hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, or as control persons:

    (a) filing or causing to be filed with the Commission any annual or quarterly report on behalf of FAC, or any other issuer, required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed; or

    (b) omitting to state, or causing another person to omit to state any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading to an accountant in connection with (1) any

6

audit or examination of the financial statements of the issuer required to be made pursuant to Section 13(b) of the Exchange Act, 15 U.S.C. § 78m(a), or (2) the preparation or filing of any document or report required to be filed with the Commission,

in violation of Sections 13(a) and 13(b) of the Exchange Act, 15 U.S.C. §§ 78m(a) and (b), and Rules 12b-20, 13a-1, 13a-13 and 13b2-2 thereunder, 17 C.F.R. § 240.12b-20, 240.13a-1, 240.13a-13 and 240.13b2-2.

## XI.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Hackney and Atnip hereby are permanently enjoined and restrained from, directly or indirectly, singly or in concert, or as control persons, filing or causing to be filed with the Commission any proxy solicitation on behalf of FAC, or any other issuer, required to be filed with the Commission pursuant to Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and the rules and regulations promulgated thereunder, which contains any untrue statement of material fact, which omits to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or which omits to disclose any information required to be disclosed in violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. § 240.14a-9.

## XII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## XIII.

**IT IS FURTHER ORDERED** that pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, this Final Judgment is binding upon defendants Frankel, Hackney, Guyer, Atnip and Howe their agents, servants, employees, partners, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise.

Dated:  New Haven, Connecticut
              , 2004

_____
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE